CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 6 2013

JULIA ~~~~~ CLERK
BY: ~~~~~
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TRAVIS JACKSON MARRON, | ) | CASE NO. 7:13CV00338 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| GUARD SGT. MR. MILLER, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Plaintiff Travis Jackson Marron filed this civil rights action under 42 U.S.C. § 1983, alleging that prison officials refused to provide him certain religious materials under his religious name, deprived him of property without due process, and refused to allow him to possess personal sunglasses prescribed for him for medical reasons, in violation of his constitutional rights.[1] Among other forms of relief Marron has demanded, he moves for immediate injunctive relief directing prison officials to transfer him to the prison of his choice. After review of the record, the court finds no factual basis for granting such relief.

Marron states that while he was incarcerated at Lawrenceville Correctional Center, he asked for transfer to Greensville Correctional Center, but was instead transferred to Augusta Correctional Center, where his current claims arose. Marron states that this move "appears to be a vindictive transfer [farther] from home" because of a prior civil action he pursued against prison officials. Marron also complains that at Augusta, he has "fac[ed] aggressive verbal tones . . . and threats of charges that will affect [his] good-time earning and privile[g]es." Marron views all of these actions as retaliatory and asks for transfer to Greensville or to Deerfield Correctional Center.

---

[1] As Marron has now consented to pay the filing fee for the case through installments, the court will issue a separate order for the clerk to serve the case on the defendants.

Marron's motion fails for two reasons. First, the relief he requests is not directly related to any of his claims against the defendants in this case. Therefore, no interlocutory injunctive relief is warranted. See Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003). Second, Marron states no facts indicating that he will suffer irreparable harm in the absence of court intervention, as required to invoke interlocutory relief. See Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) ((applying Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). Under the standard in Winter, mere speculative harm is not sufficient to warrant interlocutory relief.

For the stated reasons, the court will deny Marron's motion. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 6th day of September, 2013.

*[signature]*
Chief United States District Judge